IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>vs.<br><br>JAIME SANDOVAL,<br><br>  Defendant. | Case No. 10-mj-39<br><br>ORDER FOR PRETRIAL DETENTION |

On the 23rd day of February, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial and the Defendant's request for a preliminary hearing. The Government was represented by Assistant United States Attorney Jack Lammers. The Defendant appeared personally and was represented by his attorney, John L. Lane.

### RELEVANT FACTS

On February 16, 2010, Defendant Jaime Sandoval was charged by Criminal Complaint (docket number 3) with possession with the intent to distribute methamphetamine. Special Agent Ryan Moore of the Iowa Division of Narcotics Enforcement testified regarding the circumstances surrounding the instant charge.

On February 2, 2010, several recorded phone calls were placed to co-Defendant Cristina Hernandez by a confidential informant ("CI"). It was agreed that the CI would meet with Hernandez to pay off a $4,200 drug debt. According to Special Agent Moore, the debt represented money owed for an earlier purchase of methamphetamine by the CI from Hernandez. It was further agreed that Hernandez would "front" the CI an additional one-half pound of methamphetamine for resale. The CI and Special Agent Moore met with Hernandez on a rural Franklin County road. Defendant Jaime Sandoval was a passenger in Hernandez's vehicle. The CI paid $4,200 on the prior debt, and received an additional

1

one-half pound of methamphetamine from Hernandez, agreeing to pay an additional $16,800.

Nine days later, on February 11, 2010, the CI placed additional recorded phone calls to Hernandez. It was agreed that the CI would pay for the one-half pound of methamphetamine received earlier, and would be fronted an additional one-half pound of methamphetamine. The vehicle occupied by Hernandez and Sandoval was followed by authorities from Marshalltown to Grundy County, where it was stopped by an Iowa State Trooper. With Hernandez's consent, the vehicle was searched and one-half pound of methamphetamine was seized. Sandoval admitted that the methamphetamine was his.

According to the pretrial services report, Defendant is 23 years old. Defendant was born in California, but moved to Marshalltown, Iowa with his parents and five siblings when he was 11 years old. His family still lives in Marshalltown. Sandoval has been involved in a relationship with Hernandez on-and-off for the past ten years. They have one child, now age 9. The child is being cared for by Sandoval's parents.

Defendant left school after completing the sixth grade. His ability to read and write are limited. For three weeks prior to his arrest, Defendant was employed by an agency providing sanitation services for a meat packing plant. He lost that job, however, as a result of the instant arrest. While the pretrial services report is somewhat imprecise, Defendant was apparently unemployed for a significant amount of time prior to that.

Defendant admitted that he has used marijuana "on a weekly to a monthly basis" since age 13, with his last use approximately 10 to 12 days prior to his arrest. Defendant also used methamphetamine every two to three weeks between ages 18 and 22, but told the pretrial services officer that he stopped using methamphetamine approximately seven months prior to his arrest. Defendant was referred for outpatient substance abuse treatment in 2009, following his arrest in state court, but reported that he "left treatment halfway through the program because he had obtained employment."

As a juvenile, Defendant was adjudicated delinquent for possession of a controlled substance. As an adult, Defendant has convictions for theft in the fourth degree,

possession of drug paraphernalia, possession of a controlled substance, and another possession of drug paraphernalia. In October 2008, Defendant failed to appear on the possession of a controlled substance charge and a warrant was issued for his arrest. However, the warrant was later recalled.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession with the intent to distribute methamphetamine, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

3

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with possession with the intent to distribute methamphetamine. The weight of the evidence is strong. Defendant was with Hernandez on February 2, 2010 when one-half pound of methamphetamine was delivered to a confidential informant. Defendant was also with Hernandez nine days later on the way to a second meeting with the confidential informant.

When the vehicle was stopped and one-half pound of methamphetamine was found in the car, Sandoval admitted that it was his. While Defendant has substantial ties to the Marshalltown community, he does not have regular employment. Defendant has a history of drug abuse and admits that he failed to complete an outpatient substance abuse treatment ordered by the state court. Defendant has multiple convictions for drug-related offenses. Defendant has failed to appear for court on at least one prior occasion. Given the amount of methamphetamine involved in this case, Defendant faces a substantial prison term if convicted, thereby affecting his motivation to flee.

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. At the preliminary hearing, the Court found that there is probable cause to believe that the Defendant committed the offense described in the Criminal Complaint. In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds

by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 18, 2010) to the filing of this Ruling (February 23, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 23rd day of February, 2010.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA